IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH E. MCKIMMEY, as Special Administrator of the Estate of WILLIE ERNEST DELEON, JR., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-06-883-L ) (Pottawatomie County ) Case No. CJ-2005-865) |
| POTTAWATOMIE COUNTY DRUG TASK FORCE, a/k/a District 23 Drug Task Force, County of Pottawatomie, State of Oklahoma; STATE OF OKLAHOMA, Ex Rel., RICHARD SMOTHERMAN, District Attorney for the 23rd Judicial District; SHAWNEE POLICE DEPARTMENT, a/k/a CITY OF SHAWNEE, State of Oklahoma; KURT SHIREY, SHERIFF, POTTAWATOMIE COUNTY SHERIFF'S DEPARTMENT; BOARD OF COUNTY COMMISSIONERS OF POTTAWATOMIE COUNTY, State of Oklahoma; OFFICER STEVE CASH; OFFICER PATRICK VANCE; OFFICER CHAD POPE; and "JOHN DOE" or other unknown law enforcement personnel of the Shawnee Police Department, City of Shawnee, State of Oklahoma, and Pottawatomie County Sheriff's Department, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**O R D E R**

On August 22, 2006, a Notice of Removal was filed by defendants City of

Shawnee, Oklahoma, and Chad Pope pursuant to 28 U.S.C. § 1446(a) and (b)

and LCvR81.2.  This is the second Notice of Removal filed in this case, which

was originally filed in the District Court of Pottawatomie County, Oklahoma (Case

No. CJ-2005-865).  On February 21, 2006, this court remanded the case on the

basis of an uncontested Motion to Remand.  *See* Doc. No. 14, Case No. CIV-05-

1481-L.

Plaintiff Joseph E. McKimmey, as Special Administrator of the Estate of

Willie Ernest Deleon, Jr., has filed an objection to this second Notice of Removal

on the grounds that the time to remove has lapsed.  Plaintiff seeks a second

remand to the District Court of Pottawatomie County, Oklahoma.  Defendants

City of Shawnee and Chad Pope have filed a response to plaintiff's objections to

removal.  Upon thorough review of the submissions of the parties and the

chronology of this litigation, the court agrees with plaintiff that remand is, again,

appropriate.

The Notices of Removal demonstrate that on November 29, 2005, plaintiff

filed an Amended Petition in the state court proceedings.  The Amended Petition

was served on the City Clerk's office in the City of Shawnee, Oklahoma, on

November 30, 2005.  It is not disputed that the Amended Petition alleged certain

causes of action arising under 42 U.S.C. § 1983.  The first Notice of Removal,

filed on December 20, 2005, states that removal was proper pursuant to 28

U.S.C. § 1331, § 1391(b) and § 1446(b) since the Amended Petition concerns

federal questions.  As previously noted, the first Notice of Removal was filed

pursuant to 28 U.S.C. § 1446(a) and (b) and LCvR81.2.

Turning to the second Notice of Removal, the court notes that it states in

paragraph 5:

> Initially, the District Attorney for the 23rd Judicial District, Mr. Richard
> Smothermon, was a named Defendant in both his individual and official
> capacities.  Defendants Cash and Vance were sued in the same manner.
> All moved the Western District to remand the case, following the removal
> by Shawnee and Pope, since the "official capacity" claims were truly
> against the State of Oklahoma. . . . The State of Oklahoma enjoys Eleventh
> Amendment immunity and did not wish to waive it by consenting to removal
> to the Western District.  Thus Defendants Smothermon, Cash and Vance
> objected, foreclosing the necessary unanimity among Defendants for
> removal.

The facts reveal that after remand to the state court, defendant

Smothermon moved for summary judgment and, prior to any ruling, plaintiff

voluntarily dismissed Smothermon on July 26, 2006.  According to the second

Notice of Removal, counsel for Shawnee and Pope "is now authorized to state

that Defendants Cash and Vance have withdrawn any objection to removal."[1]

The second Notice of Removal states: "Because of these developments, there is

now unanimity among all Defendants that this case should proceed in the

Western District."  The second Notice of Removal, filed on August 22, 2006,

further asserts that removal is appropriate because "this dispute became

removable, within the meaning of 28 U.S.C. § 1446(b), within 30 days prior to

submission of this notice[.]"

---

[1]     Because the court has found that remand is appropriate for the reasons stated herein, the
court does not address whether the assertion of one defendant that the other defendants have withdrawn any
objection to removal is sufficient to constitute consent to removal.

Defendants Shawnee and Pope argue that the case was not removable until plaintiff dismissed the State of Oklahoma, *ex rel.* Richard Smothermon voluntarily on July 26, 2006.  The court disagrees.

Section 1446(b) provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

Here, it is beyond dispute that plaintiff's November 29, 2005 Amended Complaint set forth 42 U.S.C. § 1983 claims, rendering the action removable under 28 U.S.C. § 1441 (b) ("Any civil action over which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.").  As evidenced by the first Notice of Removal, the existence of the federal claims in the Amended Complaint provided the basis for the first removal.  Because the "initial pleading" at issue, here the Amended Petition, set forth a removable claim, the court determines that the second paragraph of § 1446(b) does not apply here.  As set forth above, the second paragraph begins with the phrase, "**If** the case stated by the initial

4

pleading is not removable, . . . ". (emphasis added).  Here, the case stated by the initial pleading, *i.e.,* the Amended Petition, was removable.  As stated by plaintiff in his objection to the second Notice of Removal, plaintiff's original claims have remained unchanged, as alleged in the Amended Petition, throughout the removal and remand process.  Therefore, the court finds that the triggering event discussed in the second paragraph of § 1446(b) is inapplicable.

The court rejects the contention that it is the unanimity of consent to removal that renders this case removable.  The time limitation found in § 1446(b) is strictly enforced and cannot be extended by court order or agreement of the parties.  First Nat. Bank & Trust Co. in Great Bend v. Nicholas, 768 F. Supp. 788, 790 (D. Kan. 1991).  Furthermore, removal statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand.  Fajen v. Foundation Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982).  The clear language of § 1446(b) renders the second Notice of Removal, filed almost nine months after the Amended Complaint was filed and served, untimely.

Accordingly, plaintiff's request to remand this case will be granted.  **This action is REMANDED to the District Court of Pottawatomie County, State of Oklahoma, for all further proceedings.  The Clerk of the Court is directed to take the appropriate steps to remand this case to the District Court of Pottawatomie County, Oklahoma.**

In light of this order of remand, the court need not and does not make any ruling with respect to the Special Appearance of Defendant, "John Doe" or Other Unknown Law Enforcement Personnel and Motion to Dismiss **[Doc. No. 15]**, Defendant, Board of County Commissioners of Pottawatomie County, State of Oklahoma's Withdrawal of its Motion to Dismiss **[Doc. No. 17]** or the Board's Motion to Dismiss **[Doc. No. 8]**.

It is so ordered this 20th day of October, 2006.

TIM LEONARD
United States District Judge